# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| CHARLES C. TATUM, JR. | ) |
| Plaintiff, | ) |
| v. | ) 6:21-cv-00153-LSC |
| JASPER WATER WORKS AND SEWER BOARD, INC., JASON LANGLEY, MICHAEL WILLIAMS, AND DIANA SMITH, | ) |
| Defendants. | ) |

### Memorandum of Opinion

Before the Court is Defendants' Partial Motion to Dismiss. (Doc. 19.) Plaintiff has timely filed his opposition. The motion is fully briefed and ripe for review. For the reasons stated below, Defendants' motion (doc. 19) is due to be granted in part and denied in part.

I.  **BACKGROUND**[1]

Plaintiff Charles C. Tatum, Jr. is an African-American male who owns 115 West 19th Street, Jasper, AL 35501. In January of 2019, Plaintiff undertook a business venture to sub-divide the subject property into two units to accommodate multiple tenants. To do so, Plaintiff needed a second water tap and sewer line for the 19th Street property so each tenant could have their own water and sewer service.

Around February 4, 2019, Plaintiff requested the Jasper Water Works and Sewer Board, Inc. ("JWSB") to install an additional water and sewer tap at his property. Tatum made the request to Diana Smith, who forwarded the request to Michael Williams, the assistant general manager, who then forwarded the request to the general manager, Jason Langley. Smith informed Plaintiff initially that his request was denied because the JSWB did not want to tear up the side-walk. Smith further clarified that "they were no longer doing any work in the downtown business district."

---

[1] In evaluating a motion to dismiss, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts are, therefore, taken from Plaintiff's allegations contained in the Complaint, and the Court makes no ruling on their veracity.

According to Plaintiff's Complaint, around the time of Plaintiff's rejection, Defendants had commonly torn up sidewalks and streets to install new sewer and water taps for Caucasian property owners in downtown Jasper, AL. (Doc. 14 at 5.) Plaintiff further contends that since the denial, Defendants have continued to provide new water and sewer connections to white property owners along 19th Street. (*Id.* at 6.) As a result, Plaintiff claims that his race is the reason for Defendants' denial of the second water and sewer tap.

Based on this allegation, Plaintiff sued JWSB as well as employees Smith, Langley, and Williams in their individual capacities and makes claims of racial discrimination under 42 U.S.C. § 1981 (through 42 U.S.C. § 1983) and state common law.

## II.   STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

#### A. Count I: Qualified Immunity

Defendants Langley, Williams, and Smith assert that Count I is due to be dismissed because each of the individual Defendants is entitled to qualified immunity. (Doc. 20 at 5.) To be eligible for qualified immunity, an official must be engaged in a "discretionary function" when he performed the acts of which the plaintiff complained. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Under [a] qualified immunity analysis, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). "Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). "To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman*, 370 F.3d at 1264 (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)).

Plaintiff concedes that Langley, Williams, and Smith were acting within the scope of their discretionary authority when the allegedly unconstitutional acts took place. (Doc. 21 at 4 n.1.) As a result, Plaintiff must show that Defendants violated a constitutional right and that the right was clearly established at the time of the offending conduct. Defendants acknowledge that Plaintiff's right to be free from racial discrimination in contracting to receive public utilities was clearly established at the time. (*See* Docs. 20 and 22.) As a result, Plaintiff must allege sufficient facts to show that Langley, Williams, and Smith violated Plaintiff's right to be free from racial discrimination.

Based on Plaintiff's Complaint, it is difficult to determine what exact roles Langley, Williams, and Smith played in denying Plaintiff his second water and sewer tap. In his complaint, Plaintiff asserts that he "made the request of [the second water tap to] Smith, who forwarded the request to the assistant general manager Williams, who forwarded the request to the general manager Langley." (Doc. 14 at 5.) Plaintiff also states that Smith is the person who informed Plaintiff that the JWSB would not approve his request. (Doc. 14 at 5.) These are the only allegations made regarding Langley, Williams, and Smith specifically. The rest of Plaintiff's complaint refers to the JWSB, Langley, Williams, and Smith collectively as the defendants. Besides Plaintiff's conversation with Smith, the Complaint is "completely devoid of facts"

concerning what Defendants Langley, Williams, and Smith did to discriminate against Plaintiff. *See Phillips v. Patterson*, No. 7:17-CV-01976-LSC, 2018 WL 2416450, at *6 (N.D. Ala. May 29, 2018) (granting qualified immunity for the individual defendants because the complaint was completely devoid of facts concerning what the individual defendant actually did). As a result, Plaintiff failed to allege facts that show Langley, Williams, or Smith individually violated Plaintiff's right to be free from racial discrimination.

Count I against Langley, Williams, and Smith is due to be dismissed as each defendant is entitled to qualified immunity.

### B. Count II: Failure to State a Claim

All Defendants allege that Count II is due to be dismissed because it fails to state a claim upon which relief can be granted. Defendants' primary argument centers around Plaintiff's failure to state whether he complied with or performed any of the conditions precedent to having JWSB install an additional water and sewer tap at his property. (Doc. 22 at 7.)

Plaintiff alleges in his complaint that he requested that the JWSB install an additional water and sewer tap at his property. (Doc. 14 at 4.) While Plaintiff does not state whether he complied with the JWSB request process, the Court finds that

Plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016). Thus, Defendants' request to dismiss Count II based on Plaintiff's failure to state a claim is due to be denied. The viability of Count II based on whether Plaintiff complied with or performed any of the conditions precedent to having JWSB install an additional water and sewer tap at his property are matters best addressed at the summary-judgment stage.

### C. Count II: State-Agent Immunity

Defendants Langley, Williams, and Smith also contend that they are entitled to state-agent immunity regarding Count II. This Court's authority to hear Plaintiff's state-law claims arises under its supplemental jurisdiction. *See* 28 U.S.C. § 1367. And when, like here, a federal court exercises supplemental jurisdiction over state-law causes of action, it must apply the substantive law of the forum state. *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245, 1259–60 (11th Cir. 2015). Here the forum state is Alabama. Alabama's substantive law will therefore determine the success or failure of Plaintiff's state-law claims.

Under Alabama law, "a state agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's (1) formulating plans, policies, or designs; or (2)

exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as: (a) making administrative adjudications; (b) allocating resources; (c) negotiating contracts; (d) hiring, firing, transferring, assigning, or supervising personnel; or (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or (5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students" *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).

A state agent "*shall not* be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Id*.

To claim state-agent immunity, "a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity." *Ex parte Ingram*, 229 So. 3d 220, 229 (Ala. 2017) "If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Id.*

Alabama's analysis of state agent immunity is like the qualified immunity analysis conducted above. While Plaintiff admitted that Defendants were performing a discretionary function (doc. 21 at 4 n.1), here Plaintiff argues that Defendants have not demonstrated that his claims arise from a function that would entitle the State agent to immunity (doc. 21 at 10). Under *Cranman*, individuals are entitled to state-agent immunity when they are exercising their judgment in the administration of a department or agency of government. *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). Here, the individual defendants were employees of the JWSB. Being an employee of the JWSB requires that the employee make decisions as to whether water taps and sewer lines should be installed at certain locations. As a result, Plaintiff's argument is not persuasive, and the burden falls on Plaintiff to show that Defendants Langley, Williams, and Smith acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority.

As with the Court's analysis of qualified immunity, Plaintiff fails to meet this burden. The Court does not consider Plaintiff's conclusory allegations such as that Defendants acted willfully and maliciously when declining to give Plaintiff a second water and sewer tap. Plaintiff makes no mention of any specific actions taken by any individual employee of the JWSB. Thus, Plaintiff fails to meet his burden of showing that they acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority. As such, Defendants Langley, Williams, and Smith are entitled to state-agent immunity and so are due to be dismissed from Count II.

## IV. CONCLUSION

For the reasons stated above, the motion (doc. 19) is due to be granted in part and denied in part. Defendants Langley, Williams, and Smith are due to be dismissed from the case. Defendant JWSB is not dismissed from either claim. An Order consistent with this Opinion will be entered contemporaneously herewith.